# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANNE SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 822 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Anne Sullivan brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her applications for supplemental security income and disability insurance benefits. For the reasons set forth below, the Court reverses the decision and remands this case to the Commissioner for further proceedings.

## Background

Plaintiff applied for supplemental security income and disability insurance benefits on March 30, 2012, alleging a disability onset date of November 2, 2011. (R. 193-95.) The application was initially denied on June 28, 2012, and again after reconsideration on November 28, 2012. (R. 85, 87.) Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on July 10, 2013. (R. 14.)

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited May 31, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

On July 25, 2013, the ALJ denied plaintiff's application. (R. 98.) The ALJ used the five-part, sequential test for determining whether plaintiff is disabled, *see* 20 C.F.R. § 404.1520(a)(4), considering: (1) whether she had performed any substantial gainful activity during the period for which she claims disability; (2) whether she has a severe impairment or combination of impairments; (3) whether her impairment meets or equals any impairment listed in the regulations; (4) whether she retains the residual functional capacity to perform her past relevant work; and (5) whether she is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (R. 94.) At step two, the ALJ found that plaintiff has the severe impairments of "morbid obesity, L3-L4, L5-S1 disc space narrowing, history of hypertension, [and] history of asthma." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) and 416.967(b) except occasional stooping, crouching, kneeling, and crawling, no ascending ropes, ladders or scaffolds or other exposure to unprotected heights, no requirement to balance on wet or uneven surfaces." (R. 95.) At step five, the ALJ determined that plaintiff was capable of performing her past relevant work as an office manager because the work does not require performance of activities precluded by her RFC. (R. 97.)

On September 24, 2014, the Appeals Council granted plaintiff's request for review of the ALJ's decision. (R. 6.) The Appeals Council said the ALJ erred in finding that plaintiff could perform her past relevant work as an office manager because she had not held that job long

enough for it to qualify as past relevant work. (R. 7.) The Appeals Council nonetheless affirmed the ALJ's finding that plaintiff was not disabled because it concluded that she had the RFC to perform her past relevant work as an office assistant. (*Id.*) The Appeals Council's decision is the final decision of the Commissioner, reviewable pursuant to 42 U.S.C. § 405(g). *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision.").

## Discussion

The Court reviews the Appeals Council's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although we review the ALJ's findings as part of the record as a whole . . . , it is the substantial evidence of the Appeals Council's decision that we must consider." *Id.* (citing *Bauzo v. Bowen*, 803 F.2d 917, 921 (1977)).

The Appeals Council adopted the ALJ's credibility findings, which were that:

[T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

The claimant has a full range of daily activities. In addition to working part time, the claimant prepares meals, does light housecleaning, shops (she leans on the grocery cart), visits with friends and relatives, surfs the net, attends community meetings and rallies, goes to the library and food pantry. She walks wherever she has to go or takes public transportation.

The claimant alleges persistent back pain, yet the medical record indicates she has received relatively infrequent treatment. She alleges that back pain prevents her from working; however, she has not sought treatment from an orthopedic

specialist. Her pain symptomology is inconsistent with imaging and physical examination findings. She has not had injections or physical therapy. Although the claimant may experience some medication side effects from pain medication, those effects have been fully considered in reaching the residual function capacity finding in this decision. . . .

(R. 7-8, 96-97) (citations omitted).

Plaintiff argues that the Appeals Council erred by adopting the ALJ's credibility finding, instead of performing its own credibility analysis. Certainly, the Appeals Council has the power to review an ALJ's decision in its entirety. *See Sims*, 530 U.S. at 111 (stating that "the [Appeals] Council's review is plenary unless it states otherwise"). But plaintiff does not cite any authority for the notion that the Council is required to do so, and the regulations state that it is not. *See* 20 C.F.R. § 404.976(a) ("The Appeals Council may limit the issues it considers if it notifies you and the other parties of the issues it will review."); (*see also* R. 167 (stating that the Appeals Council "plan[ned] to issue [its] own decision to address [plaintiff's] use of a walker and to find that [plaintiff was] capable of performing [her] past relevant work as staff assistant.").) Thus, the Appeals Council's failure to make an independent credibility analysis is not a basis for setting aside its decision.

Alternatively, plaintiff argues that the ALJ's, and thus the Appeals Council's, credibility determination was erroneous, in part because the ALJ gave undue weight to plaintiff's daily activities in making the determination. (*See* R. 96-97 (finding that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible" because: (1) she has "a full range of daily activities"; (2) she has "received relatively infrequent treatment," "has not sought treatment from an orthopedic specialist," and "has not had injections or physical therapy"; and (3) "[h]er pain symptomology is inconsistent with imaging and physical examination findings").) Specifically, the ALJ noted that plaintiff works part-time,

but the ALJ failed to note that plaintiff but did not say that she takes breaks, at will, of up to forty-five minutes at a time when she works, a situation the vocational expert said would be unacceptable in a normal working environment. (R. 67-69, 79-80.) Citing to plaintiff's function report, the ALJ also noted that plaintiff cooks, does light house cleaning, and walks or uses public transportation to go to meetings, the library, and the food pantry. (R. 96-97.) But he did not mention that, in the same report, plaintiff also says: (1) she cannot walk "more than a few hundred feet" or "stand for more than 5 min." without pain; (2) she sits to prepare food and wash dishes; (3) she does not mop or vacuum; (4) she does not "go places that require much walking to get to them"; (5) she "travel[s] non-rush hour so [she does not] have to stand on public transit"; and (6) she can only sleep five hours at a time at night, which makes her sleepy and inattentive during the day. (R 289-94.) Given the ALJ's selective discussion of the function report, the Court agrees that he ascribed too much significance to plaintiff's daily activities. *See Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) ("Although a written evaluation of each piece of evidence or testimony is not required . . . , neither may the ALJ select and discuss only that evidence that favors his ultimate conclusion."); *see also Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013) ("caution[ing]" ALJs against equating the ability to perform daily activities with the ability to work).

The Court also agrees with plaintiff that the ALJ erroneously relied on the infrequency of her treatment as a basis for his credibility determination. With respect to this issue, SSR 96-7p states:

> [T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any

explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. The adjudicator may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.

1996 WL 374186, at *7 (July 2, 1996). Despite the regulation's mandate, the ALJ did not ask plaintiff why she did not seek more frequent, aggressive, or specialized care. As a result, he should not have held her failure to do so against her. [2]

Despite these flaws, the Commissioner argues that the ALJ's credibility finding is not "patently wrong" because there is still an adequate basis for it, specifically that plaintiff's "pain symptomology is inconsistent with imaging and physical examination findings." (R. 97); *see Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013) ("An ALJ's credibility determination is entitled to deference, and we will overturn a credibility finding only if it is patently wrong.") (quotation omitted); *see also Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015) (a credibility finding is "patently wrong" if the ALJ does not "competently explain [it] with specific reasons supported by the record") (quotation omitted). However, the isolated fact that plaintiff's pain symptomology is inconsistent with the objective medical evidence is insufficient as the sole basis for supporting the ALJ's credibility finding. *See* SSR 96-7p, 1996 WL 374186, at *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because

---

[2]The result is the same if SSR 16-3p, which was issued in March 2016, applies. In relevant part, that regulation states:

[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.

SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016).

they are not substantiated by objective medical evidence.");[3] *see also Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015) ("The administrative law judge's most serious error . . . , is her belief that complaints of pain, to be credible, must be confirmed by diagnostic tests.").

In short, the record does not support the ALJ's credibility determination. Moreover, because the ALJ used that determination to formulate plaintiff's RFC and as a basis for rejecting her treating doctor's opinion (*see* R. 96-97), those issues must be revisited as well.

## Conclusion

For the reasons set forth above, the Court the reverses the Appeals Council's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED:  May 31, 2017**

**M. David Weisman**
**United Magistrate Judge States**

---

[3]SSR 16-3p contains nearly identical language.  *See id.*, 2016 WL 1119029, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.").